GEORGE G. MGDESYAN, ESQ. (STATE BAR NO. 225476)
MGDESYAN LAW FIRM
4529 SHERMAN OAKS AVE.
SHERMAN OAKS, CA 91403
TELEPHONE: (818) 386-6777
FACSIMILE: (818) 754-6778

Attorney for Plaintiff,
CALVIN RUSSELL

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CALVIN RUSSELL, an individual

Plaintiff,

V.

CITY OF LOS ANGELES, LOS ANGELES POLICE DEPARTMENT, COUNTY OF LOS ANGELES, OFFICER CONNOLLY, OFFICER MILLER, and DOES 1 to 10, inclusive,

Defendants.

PLAINTIFF'S COMPLAINT FOR DAMAGES:

1. Violation of Civil Rights 42 U.S.C. §1983- false arrest, false imprisonment, unreasonable seizure
2. Violation of Civil Rights 42 U.S.C. §1983- malicious prosecution

**[JURY TRIAL DEMAND]**

## PRELIMINARY STATEMENT

This is a civil rights action arising from the false arrest and malicious prosecution of Plaintiff CALVIN RUSSELL who was among other things threatened, falsely arrested, and coerced by employees of the Los Angeles Police Department and all defendants on March 14, 2019, in Los Angeles, California. Plaintiff thereby brings this action for violations of California tort law and violations of the United States constitutionally guaranteed rights.   Plaintiff CALVIN RUSSELL, hereby assert and allege as follows:

## JURISDICTION AND VENUE

1.    This court has jurisdiction over this action pursuant to 28 U.S.C. § 1331(federal question) and 28 U.S.C. §1343(3) (civil rights).   This court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367 as they arise out of a common nucleus of facts.

2. At all relevant times to the facts underlying the present complaint, Plaintiff CALVIN RUSSELL (hereinafter "Plaintiff") was a resident of Los Angeles, California, at the time of the allegations set forth herein.

3. Venue is proper in the Central District of California under 28 U.S.C. § 1392(a) and (b) as it is the judicial district in which the claim arose.

///

///

## PARTIES

4.    Plaintiff, CALVIN RUSSELL is a competent adult.

5.    Defendant, CITY OF LOS ANGELES is a city operating pursuant to its municipal charter and the laws of the State of California. CITY OF LOS ANGELES is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States organized and existing under the laws of the State of California.

6.    Defendant, COUNTY OF LOS ANGELES is a city operating pursuant to its municipal charter and the laws of the State of California. COUNTY OF LOS ANGELES is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States organized and existing under the laws of the State of California.

7.    Defendant, CITY OF LOS ANGELES is a city operating pursuant to its municipal charter and the laws of the State of California. CITY OF LOS ANGELES is and at all times mentioned herein was, a municipal corporation or political subdivision of the United States organized and existing under the laws of the State of California.  Defendant CITY OF LOS ANGELES has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the Los Angeles Police Department, and particularly said Department's training, tactics, methods, practices, customs and usages related to

internal investigations, personnel supervision and records maintenance, the use and deployment of threats, intimidation, coercion, arrest, and the use of force.

of the unknown named DOE Defendants when they are ascertained.

8.    Defendants OFFICER CONNOLLY AND OFFICER MILLER are individuals who acted under color of the aforementioned state legal authority, City of Los Angeles and County of Los Angeles.

9.    Defendants OFFICER CONNOLLY AND OFFICER MILLER at all times relevant to this complaint were individuals who acted under color of the aforementioned state legal authority, City of Los Angeles and/or County of Los Angeles. At all times relevant hereto, Defendants OFFICER CONNOLLY AND OFFICER MILLER were individuals believed to reside in Los Angeles, California.

10.    Plaintiff alleges further that Defendant COUNTY OF LOS ANGELES, and CITY OF LOS ANGELES are liable for state law torts by its respective employees, while acting within the scope and course of their employment, which caused Plaintiff's injuries as alleged herein, by virtue of Cal. Gov't Code §815.2(a), which makes public entities in California vicariously liable for the torts of their employees.

11.    Plaintiff sues Defendants DOES 1 to 10 by such fictitious names because their true identities have yet to be ascertained. Plaintiff is unaware of the true names and capacities of those allege said Defendants. Plaintiff is informed,

believes, and thereon alleges that these Defendants designated as DOE are legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct, including the negligent, careless, deliberately indifferent, intentional, willful or wanton misconduct in creating and otherwise causing the incidents, conditions and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged.

12. Each of the individual Defendants sued herein is sued both in his/her individual and personal capacity, as well as in his/her official capacity.

13. Plaintiff is informed, believes, and therefore alleges that, at all times herein mentioned, each Defendant was an agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy and with the permission and consent of other co-defendants.

14. Plaintiff is informed, believes, and thereon alleges that each Defendant designated as DOE is intentionally and negligently responsible in some manner for the events and happenings herein referred to, and thereby proximately causing damages as herein alleged.

15. Plaintiff will seek leave to amend this complaint to set forth said true names and identities.

## FACTS COMMON TO ALL CAUSES OF ACTION

16. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

17. CALVIN RUSSELL was arrested in the matter of *People of the State of California v. Calvin Russell*; Case No. BA476200 on March 14, 2019.

18. On March 14, 2019, hours prior to the arrest of Plaintiff CALVIN RUSSELL, Plaintiff CALVIN RUSSELL was confronted by officers of the Los Angeles Police Department. Plaintiff CALVIN RUSSELL was harassed by officers, wherein, multiple derogatory terms were directed toward Plaintiff CALVIN RUSEEL. As the officers were driving away, Plaintiff CALVIN RUSSELL heard the officers proclaim, *"We will get you another time."*

19. Hours following the contact, Plaintiff CALVIN RUSSELL was arrested by Officer Connolly and Officer Miller of the Seventy-Seventh Street patrol unit of the Los Angeles Police Department for allegedly engaging in an altercation and assaulting victim with a deadly weapon.

20. Officer Connolly and Officer Miller at no time witnessed or were present during the alleged altercation for which Plaintiff CALVIN RUSSELL was arrested.

21.     Furthermore, Officer Connolly and Officer Miller failed to question witnesses and investigate the circumstances to its entirety. Due to their favorable testimony in regards to Plaintiff CALVIN RUSSELL, witnesses whom observed the alleged altercation were purposely overlooked. Officer Connolly and Officer Miller purposefully and intentionally failed to obtain exculpatory evidence.

22.     Officer Connolly and Officer Miller alleged in their investigative report that Plaintiff CALVIN RUSSELL struck the victim with a deadly weapon. Officer Connolly and Officer Miller failed to obtain testimony from witnesses that came forth providing testimony in favor of PLAINTIFF CALVIN RUSSELL. Officer Connolly and Officer Miller failed to identify any "deadly weapon" on the person of Plaintiff CALVIN RUSSELL.

23.     Therefore, Officer Connolly and Officer Miller falsified their investigative report as a retaliatory action against Plaintiff CALVIN RUSSELL by claiming assault with a "deadly weapon" and failing to obtain exculpatory evidence.

24.     This action shows the retaliatory nature of the arrest of CALVIN RUSSELL and the fact that the arrest was being made based upon the prior interaction between Plaintiff CALVIN RUSSELL and the Los Angeles Police Department, wherein LAPD officers stated *"We will get you another time."*

25.     Defendants advised that Plaintiff was being arrested for "assault with a deadly weapon".

26. The police report taken as a whole would not allow a prudent person to conclude that there was a fair probability that CALVIN RUSSELL committed any of the following crimes for which he was arrested: (1) assault with a deadly weapon (245(A)(1) PC).

27. Case No. BA476200 in the matter of *People of the State of California v. Calvin Russell* resolved on February 11, 2020 in an acquittal of Plaintiff CALVIN RUSSELL of all charges.

28. Plaintiff was falsely arrested and was maliciously prosecuted in Case No. BA476200.

29. Plaintiff was detained on March 14, 2019, and was in custody for eleven (11) months until the resolution of the case on February 11, 2020.

## FIRST CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS 42 U.S.C. §1983- FALSE ARREST, FALSE IMPRISONMENT, UNREASONABLE SEIZURE

**(By Plaintiff against all Individual Defendants)**

30. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

31. Plaintiff believes and thereon asserts that Defendants OFFICER CONNOLLY, OFFICER MILLER and DOE Defendants and each of them were employees of Defendants COUNTY OF LOS ANGELES, and/or CITY OF LOS

ANGELES and acting within the scope of their employment and under color of state law.

32.    Defendants COUNTY OF LOS ANGELES and CITY OF LOS ANGELES employed investigators, and officers, sued herein as individual Defendants.   Defendants COUNTY OF LOS ANGELES and CITY OF LOS ANGELES provided its individual employees and agents, and DOE Defendants with official badges and identification cards which designated and described the bearers as employees or agents of the COUNTY OF LOS ANGELES and CITY OF LOS ANGELES.

33.    During all times mentioned herein, the individual Defendants, and each of them, separately and in concert, thus acted under color and pretense of law, under color of statutes, ordinances, regulations, policies, practices, customs and usages of COUNTY OF LOS ANGELES and CITY OF LOS ANGELES. Each of the Defendants, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendments to the United States Constitution and by the laws of the United States.

34.    On March 14, 2019, the individual Defendants, while acting in the course and scope of their employment with the COUNTY OF LOS ANGELES, , and/or CITY OF LOS ANGELES, and in an attempt to intimidate, coerce, and

retaliate against Plaintiff, detained and arrested Plaintiff for assault with a deadly weapon.

35.    All Defendants further conspired to falsely arrest, report, imprison and prosecute Plaintiff.

36.    Under the Fourth Amendment, a person has the right to be free from an unreasonable seizure of his person.  Defendants OFFICER CONNOLLY, OFFICER MILLER, and DOE Defendants and each of them seized the Plaintiff on March 14, 2019.  In seizing Plaintiff's person, Defendants OFFICER CONNOLLY, OFFICER MILLER, and DOE Defendants and each of them acted intentionally.  The seizure of Plaintiff was unreasonable and thereby in violation of Plaintiff's Fourth Amendment right.

37.    The seizure of Plaintiff was unreasonable as Plaintiff was arrested without probable cause, and based upon bias.  Upon misinformation and belief, Defendants OFFICER CONNOLLY, OFFICER MILLER, and DOE Defendants and each of them seized Plaintiff without having a reasonable probability that he committed any crime.

38.    In doing the forgoing wrongful acts, Defendants and each of them acted in intentional, reckless, and/or callous disregard for the constitutional rights of Plaintiff. The wrongful acts and each of them, were willful, oppressive, fraudulent, and malicious.

39.    In doing the forgoing wrongful acts Defendants acting under color of state law, deprived Plaintiff of rights, privileges, and immunities secured by the Constitution and laws of the United States, including the Fourth Amendment and Fourteenth, by:

(a). Detaining Plaintiff without reasonable suspicion;

(b). Arresting Plaintiff without probable cause and in an unreasonable manner;

(c). Causing Plaintiff's prosecution on false charges;

40.    As a proximate result of the foregoing wrongful acts of Defendants, and each of them, Plaintiff has been hurt and injured in his health, strength, and activity, sustaining injury to his nervous system and person, all of which are injuries caused and continue to cause Plaintiff great mental and physical pain and suffering, humiliation, shock, distress, and anguish. Plaintiff further suffered damages in the amount to be proven at trial.

41.    Plaintiff was falsely imprisoned, falsely detained, and falsely arrested and maliciously prosecuted as a proximate result of this incident.

///

///

///

///

## SECOND CAUSE OF ACTION

## VIOLATION OF CIVIL RIGHTS 42 U.S.C. §1983- MALICIOUS PROSECUTION

**(By Plaintiff against all Individual Defendants)**

42. Plaintiff realleges all prior paragraphs of this complaint and incorporates the same herein by this reference.

43. Defendants and each of them wrongfully deprived Plaintiff of his Fourth Amendment right to be free from unreasonable searches and seizures.

44. Specifically and as alleged above, Defendants without probable cause approached CALVIN RUSSELL, failed to question and obtain statements from witnesses favorable to Plaintiff CALVIN RUSSELL, arrested CALVIN RUSSELL and falsified police reports.

45. The Defendants commenced a criminal proceeding against Plaintiff in the matter of The People of the State of California v. Calvin Russell before the Los Angeles Superior Court, assigned case number BA476200.

46. The charges brought against CALVIN RUSSELL included among other things: (1)Assault with a deadly weapon 245(A)(1) PC.

47. The police reports authored by the Individual Defendants contain false statements made to incriminate CALVIN RUSSELL.

48. Defendants COUNTY OF LOS ANGELES, and CITY OF LOS ANGELES, employed investigators, and officers, sued herein as individual

Defendants.   Defendants COUNTY OF LOS ANGELES, and CITY OF LOS ANGELES provided its individual employees and agents, and DOE Defendants with official badges and identification cards which designated and described the bearers as employees or agents of the COUNTY OF LOS ANGELES, and CITY OF LOS ANGELES

49.   During all times mentioned herein, the individual Defendants, and each of them, separately and in concert, thus acted under color and pretense of law, under color of statutes, ordinances, regulations, policies, practices, customs and usages of COUNTY OF LOS ANGELES and CITY OF LOS ANGELES. Each of the Defendants, separately and in concert, deprived Plaintiff of the rights, privileges and immunities secured to him by the Fourth Amendment to the United States Constitution and by the laws of the United States.

50.   The criminal proceeding in case number BA476200 ended in Plaintiff's favor with no convictions.

51.   Upon information and belief, the criminal proceeding were brought Plaintiff with malice.

52.   As a proximate result of the foregoing wrongful acts and wrongful seizure of Plaintiff, Plaintiff was forced to remain in custody for eleven (11) months.

53.   As a proximate result of the foregoing wrongful acts of Defendants, and each of them, Plaintiff has been hurt and injured in his health, strength, and

activity, sustaining injury to his nervous system and person, all of which are injuries caused and continue to cause Plaintiff great mental and physical pain and suffering, humiliation, shock, distress, and anguish. Plaintiff further suffered damages in the amount to be proven at trial.

**JURY DEMAND**

Plaintiff hereby demands that a jury be empanelled for the trial of this matter.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows;

1. For general damages in an amount to be determined according to proof at trial;
2. For costs of suit incurred herein;
3. For punitive damages against the individual Defendants in an amount to be determined according to proof at trial;
4. For attorneys' fees and expert witness fees incurred herein; and
5. For such other and further relief as the Court deems just and proper.

DATED: March 13, 2020

Respectfully Submitted,

/s/ George G. Mgdesyan

George G. Mgdesyan, Esq.
Attorney for Plaintiff
CALVIN RUSSELL